IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN DOE 1 *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:24-cv-00777 |
| ) | Judge Crenshaw |
| STATE OF TENNESSEE, *et al.*, ) | Magistrate Judge Holmes |
| ) | |
| Defendants. ) | |

## FIRST MODIFIED CASE MANAGEMENT ORDER

Pending before the Court is the parties' joint motion to modify the case management schedule in this case (Docket No. 77), which is **GRANTED** as provided for below. A status/case management conference was held on May 6, 2025. Counsel participating were: Jonathan Tepe, Kasi Wautlet, David McNamee, Shannon Henris, Jack Derryberry, Bruce Little, Stuart Seaborn, and Emily Satifka for Plaintiffs; Jonathan Lakey, Sarah Stuart, Cherylann Pasha, and Jay Ballard for Defendant State of Tennessee, Tennessee Department of Children's Services, and DCS Commissioner Margie Quin; and, Mary McCullohs and David Wickenheiser for Tennessee Department of Education Commissioner Lizzette Reynolds. From the parties proposed modified case management order (Docket No. 77-1) and discussion during the status/case management conference, and pursuant to Local Rule 16.01, the case management schedule and plan is modified as follows:

A. **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**[1] The parties have agreed to conduct an initial mediation with Carlos González and are in the process of process of scheduling mediation for no later than August 29, 2025. *See* Docket No. 77 at 2. According to counsel

---

[1] The parties' attention is directed to this provision, which the Court further modified following the May 6 status/case management conference.

during the status/case management conference, the parties and Mr. González have initiated discussions.

The parties must make a minimum of **two independent, substantive attempts** at case resolution. At least one of the parties' attempts must be by mediation, and the Court may require additional attempts as this case progresses. By no later than **September 30, 2025**, the parties must file a joint case resolution status report confirming their first substantive attempt at settlement, whether by mediation or otherwise. The parties' second attempt must occur by no later than **April 30, 2026**, which is the deadline for filing a second joint case resolution status report.

A report of mediation, which will constitute the required case resolution status report, must be filed in accordance with Local Rule 16.05(b) and by no later than **two (2) business days following mediation**. Promptly upon selection of a mediator and scheduling of mediation, and by no later than **fourteen (14) days prior to mediation**, the parties must file a joint notice of mediation details, which confirms their selection and identity of the selected mediator and the date on which mediation is scheduled.

All other provisions for and details of the case resolution plan remain unchanged.

B.  **DISCOVERY:** The parties must fully complete all discovery on the merits, including written discovery and depositions of fact witnesses on or before **March 20, 2026.** Written discovery and scheduling of depositions must proceed promptly. Specifically, the parties must discuss scheduling of depositions and agree to a deposition schedule well in advance of completion of written discovery. Delay in scheduling depositions may result in denial of any requested extension of the discovery cut-off deadline. All discovery disputes must be brought to the Court's attention and all discovery-related motions must be filed by no later than **March 20, 2026**, unless otherwise permitted by the Court.

All other discovery provisions, including for resolution of discovery disputes, remain unchanged,

**C. AMENDMENTS OR ADDITION OF PARTIES:** Any motions to amend or to add parties must be filed by no later than **April 30, 2026, and** must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion. All other provisions for amendments or addition of parties remain unchanged.

**D. DISCLOSURE AND DEPOSITIONS OF EXPERTS:** Any party intending to use an expert to support or oppose class certification shall notify all other parties and the Court by **December 5, 2025**, in which case the Court will enter an appropriate schedule for expert disclosures. Following notification of the intention to use a class certification expert, counsel for the parties confer about a schedule for class certification expert disclosures and deposition and must, by no later than **December 12, 2025**, file a motion to modify the case management schedule to include the proposed class experts schedule. Notwithstanding the foregoing, Plaintiffs must identify and disclose all other expert witnesses and expert reports on or before **May 13, 2026**. The defendant must identify and disclose all other expert witnesses and reports on or before **June 15, 2026.** Expert depositions must be completed by **July 10, 2026**. All other provisions for expert disclosures and discovery, including limitations on rebuttal experts and requirements for supplemental expert reports and restrictions at trial for non-disclosures, remain unchanged.

**E. CLASS CERTIFICATION:** Plaintiffs must file a Motion for Class Certification no later than **April 13, 2026**. Defendants must file a response **within 28 days** of the filing of the motion. Briefs or memoranda of law in support of or in opposition to a class certification motion shall not exceed 35 pages. Plaintiffs may file an optional reply, which shall not exceed 5 pages, **within 7 days** of the filing of the response.

**F. DISPOSITIVE MOTIONS:** Motions for summary judgment and all other non-Rule 12 dispositive motions must be filed by no later than **August 12, 2026**. Responses to dispositive motions must be filed within 35 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 35 pages, without leave of Court. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 7 pages. All other provisions for dispositive motions, including restrictions on motions for partial summary judgment and directions for statements of undisputed material facts and responses, remain unchanged.

**G. NEXT CASE MANAGEMENT CONFERENCE:** Another status/case management conference will be held telephonically on **June 30, 2025, at 2:00 p.m. (CDT)** using the Court's conference line at 1-855-244-8681, access code 2300 984 3452#. Prior to the next status/case management conference, counsel for the parties must prepare a joint case status report[2], which shall include, at a minimum, the following information, and which must be filed by no later than **two (2) business days** before the status/case management conference:

(1) what fact and expert discovery has taken place (including supplemental discovery responses), both written discovery and depositions, since commencement of the case;

(2) what fact or expert discovery is pending, including both outstanding written discovery and the specific depositions scheduled for the next 60 days;

(3) what fact or expert discovery is not yet pending but is anticipated or needed;

(4) general description of the number and kind of experts each party anticipates using in this case;

(5) status of the parties' efforts at case resolution, including of any mediation; and

---

[2] The parties' counsel are equally responsible for initiating discussion and preparation of the joint status report.

(6) any other matters that (i) require or may require the Court's attention or (ii) are or may be material to the preparation of this case.

H. **ALL OTHER CASE MANAGEMENT DEADLINES AND PROVISIONS:** All other case management deadlines and provisions found in prior orders and not modified herein remain in full force and effect.

I. **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The **BENCH** trial of this action is expected to last approximately **2 to 3 weeks**. A target trial date of no earlier than **May 10, 2027** is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Crenshaw.

**IT IS SO ORDERED.**

_____
BARBARA D. HOLMES
United States Magistrate Judge