UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE 1, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 3:24-cv-00777 |
| STATE OF TENNESSEE, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiffs' Motion for Reconsideration of the Court's Dismissal of John Doe 1 as a Plaintiff in this case. (Doc. No. 105). The DCS Defendants[1] filed a response in opposition (Doc. No. 108), and Plaintiffs replied (Doc. No. 110). For the following reasons, Plaintiffs' Motion will be granted.

The Court previously granted the DCS Defendants' motion to dismiss John Doe 1 for lack of standing because Plaintiffs did not plausibly allege that John Doe 1 was at imminent risk of reentering DCS custody at the time the *amended* complaint was filed. (See Doc. No. 95 at 6–8). In doing so, the Court relied on the Sixth Circuit's unpublished decision in Bare v. Cardinal Health, Inc., 2023 WL 395026 (6th Cir. Jan. 25, 2023), which held that standing is determined at the time the amended complaint is filed. Id. at 6 (holding that "a plaintiff's *standing* must be assessed anew any time he seeks to amend his complaint"). Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiffs now ask the Court to reconsider its Order dismissing John Doe 1 because the Sixth Circuit's published decision in Patton v. Fitzhugh contradicts Bare and makes clear that courts

---

[1] The DCS Defendants consist of the State of Tennessee, the Tennessee Department of Children's Services ("DCS"), and DCS Commissioner Margie Quin. (See Doc. No. 105 at 1).

should "measur[e] standing by the date of the *initial complaint*." 131 F.4th 383, 392 (6th Cir. 2025) (citations omitted) (emphases added) (holding that "when a plaintiff has filed an amended complaint, standing is measured by when the plaintiff initiated the suit, but as explained by allegations in the operative complaint").

Before the Sixth Circuit issued its decisions in Bare and Patton, it was settled law that standing "is to be determined as of the time the complaint is filed." Cleveland Branch, NAACP v. City of Parma, 263 F.3d 513, 524 (6th Cir. 2001). It was unclear, however, whether the term "complaint" referred exclusively to the initial complaint, or whether it referred to the operative (or amended) complaint. Bare held the former, and Patton held the latter. Although the relevant holdings in Bare and Patton are entirely inconsistent, the Court has reconsidered this issue and agrees with Plaintiffs that the published panel decision in Patton controls here.[2] Given that John Doe 1 was still a minor when the initial complaint was filed on June 26, 2024, the Court finds that the initial complaint at least plausibly alleges that, as of that date, he faced an "imminent risk of being in DCS custody and/or kept in a DCS-licensed or approved facility" in the future. (Doc. No. 62 at 26–28). That is enough to survive a Rule 12(b)(1) facial attack against standing. As a result, John Doe 1 will be reinstated as a Plaintiff in this case.

When the Court initially dismissed John Doe 1 for lack of standing, it concluded that "there is no need for the Court to address the DCS Defendants' alternative argument that his claims are moot." (Doc. No. 95 at 7–8) (citing Doc. Nos. 66 at 9–11; 67 at 3 n.3)). Having modified its Order on the standing issue, the Court finds it prudent to revisit the mootness issue now. See Berger v.

---

[2] The Court takes judicial notice that a petition for a writ of certiori was docketed in Fitzhugh v. Patton, United States Supreme Court Case No. 25-50.

Cuyahoga Cnty. Bar Ass'n, 983 F.2d 718, 721 (6th Cir. 1993) (holding that the Court may "address the problem of mootness" sua sponte).

Federal courts only have subject matter jurisdiction over "actual, ongoing controversies." Mwasaru v. Napolitano, 619 F.3d 545, 549 (6th Cir. 2010) (citation omitted). "[W]hen the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome," then the case becomes moot and the Court lacks jurisdiction. Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (citation and internal quotation marks omitted). "The heavy burden of demonstrating mootness rests on the party claiming mootness." Cleveland Branch, NAACP v. Parma, 263 F.3d 513, 531 (6th Cir. 2001).

Mootness is a "flexible" concept when it comes to class actions. Unan v. Lyon, 853 F.3d 279, 285 (6th Cir. 2017) (quoting Wilson v. Gordon, 822 F.3d 934, 942 (6th Cir. 2016)). Although the Court has not certified the putative class in this case, John Doe 1 argues that his claims are not moot because the "inherently transitory" exception applies here. The "inherently transitory" exception to mootness applies when: (1) the plaintiff's alleged injury is "so transitory that it would likely evade review by becoming moot before the district court can rule on class certification," and (2) it is "clear that 'other class members are suffering the injury.'" Unan v. Lyon, 853 F.3d 279, 287 (6th Cir. 2017) (quoting Wilson v. Gordon, 822 F.3d 934, 942 (6th Cir. 2016)). The DCS Defendants do not dispute that John Doe 1 satisfies the second requirement because he is part of a putative class of disabled youth who are suffering similar injuries. (Doc. No. 108 at 9).

Regarding the first requirement, Plaintiffs argue that "Youth like John Doe cycle into and out of DCS custody frequently and unpredictably, making it uncertain and highly unlikely that any plaintiff would remain in DCS custody for the entire pendency of the litigation" seeking injunctive relief. (Doc. No. 105-1 at 7). The Court finds that this uncertainty is sufficient to trigger the

inherently transitory exception because, as the Sixth Circuit held in Wilson, "the uncertainty about how long an injury caused by ongoing conduct will persist can . . . render a claim inherently transitory." Wilson, 822 F.3d at 945. The Court therefore finds that the inherently transitory exception applies here because there is uncertainty about whether *any* Plaintiffs will remain at imminent risk of being in DCS custody long enough for the Court to certify a class. Accordingly, *based on the facts alleged in the Amended Complaint*, the Court finds that Plaintiffs have plausibly alleged that the inherently transitory exception to mootness applies to John Doe 1's claims.

For the foregoing reasons, Plaintiff's Motion for Reconsideration of the Court's Dismissal of John Doe 1 (Doc. No. 105) is **GRANTED**. The Court hereby **VACATES** the portion of its September 30, 2025 Order (Doc. No. 96) dismissing John Doe 1 as a Plaintiff for lack of standing. The Court further finds that John Doe 1's claims are not moot.

The Clerk shall update the case caption to reflect that John Doe 1 is an active plaintiff in this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE