IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN DOE 1 *et al.* ) | |
| ) | Case No. 3:24-cv-00777 |
| v. ) | Judge Crenshaw |
| ) | Magistrate Judge Holmes |
| STATE OF TENNESSEE *et al.* ) | |

## SIXTH MODIFIED CASE MANAGEMENT ORDER

Pending before the Court is the parties' Joint Motion to Modify the Case Management Order and for a Status Conference with the Magistrate Judge (Docket No. 139), which is **GRANTED IN PART** as provided for below. A status/case management conference was held on February 26, 2026. Counsel participating were: Kasi Wautlet, David McNamee, Shannon Henris, Stuart Seaborn, Jasmine Miller, Jack Derryberry, and Bruce Little for Plaintiffs; Jonathan Lakey, Sarah Stuart, Reagan Fondren, and Jay Ballard for the State of Tennessee and the Tennessee Department of Children's Services (the "DCS Defendants"); and, Donna Green, Mary McCullohs, and Meghan Murphy for Defendant Commissioner of Education Lizzette Reynolds. From the parties' motion and joint status report (Docket No. 142) and discussion during the status/case management conference, the case management and schedule is modified as follows:

1. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS. The parties are encouraged to make settlement efforts throughout the pendency of this case and must make a minimum of **three independent, substantive attempts at resolution**, the last two of which must be by mediation with Carlos Gonzalez.[1] Additional attempts may be required as this case progresses. The deadlines for the second and third mediations are **RESERVED**, with the

---

[1] The parties completed a first substantive attempt at resolution through mediation with Mr. Gonzalez.

understanding the Court has directed the parties to contact the mediator to obtain his input with regard to the best dates for these additional mediations given the extended deadlines. The parties are, however, cautioned that the Court will expect the second mediation to be concluded within the next 120 days. Counsel should be prepared to report on the scheduling of the second mediation, and preferably the third mediation as well, at the scheduled conference with Judge Crenshaw on April 17, 2026 and the status/case management conference set below. All other details of and provisions for the case resolution plan remain unchanged.

2. DISCOVERY. The parties must fully complete all discovery on the merits, including written discovery and depositions of fact witnesses on or before **October 20, 2026**. Written discovery is ongoing and the parties are jointly proceeding with depositions. The parties must discuss scheduling of depositions and agree to a deposition schedule well in advance of completion of written discovery. Delay in scheduling depositions may result in denial of any requested extension of the discovery cut-off deadline. All discovery disputes must be brought to the Court's attention, and all discovery-related motions must be filed by no later than **October 20, 2026**, unless otherwise permitted by the Court.

The parties must continue efforts to resolve outstanding discovery disputes, as discussed during the status/case management conference. By no later than **March 31, 2026**, the parties must file a motion for a discovery conference and joint discovery dispute statement that complies with the Court's requirements for judicial resolution of any remaining dispute about (i) the breadth and proportionality of custodial ESI for purposes of responding to Plaintiffs' second through fifth discovery requests and (ii) the temporal scope of information available through TFACTS. To the extent not already done and as reasonably as possible, the parties must prioritize class certification

discovery. All other provisions for discovery, including for resolution of discovery disputes, remain unchanged.

3. MOTION TO ADD PARTIES OR AMEND PLEADINGS. Motions to amend or to add parties must be filed by **June 18, 2026**, and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion. All other provisions or amendments or addition of parties remain unchanged.

4. DISCLOSURE AND DEPOSITION OF EXPERTS. No party identified an expert to be used to support or oppose class certification. Notwithstanding the foregoing, Plaintiffs must identify and disclose all other expert witnesses and expert reports on or before **December 14, 2026**. The defendant must identify and disclose all other expert witnesses and reports on or before **January 22, 2027**. Expert depositions must be completed by **February 19, 2027**. All other provisions for expert disclosures and discovery, including limitations on rebuttal experts and requirements for supplemental expert reports and restrictions at trial for non-disclosures, remain unchanged.

5. CLASS CERTIFICATION. Plaintiffs shall file a Motion for Class Certification no later than **June 30, 2026**. All other provisions for class certification, including the page limitations and timing for filing responses and replies, remain unchanged. Defendants must file a response **within 28 days** of the filing of the motion. Briefs or memoranda of law in support of or in opposition to a class certification motion shall not exceed 35 pages. Plaintiffs may file an optional reply, which shall not exceed 5 pages, **within 7 days** of the filing of the response.

6. DISPOSITIVE MOTIONS. The deadline for filing summary judgment motions and motions for class decertification are **RESERVED**. All other provisions for briefing schedules and page limits remain unchanged.

7. ALL OTHER CASE MANAGEMENT DEADLINES AND PROVISIONS. All other case management deadlines and provisions found in prior orders and not modified herein remain in full force and effect.

8. TARGET TRIAL DATE AND NUMBER OF TRIAL DAYS. The parties must discuss a reasonable trial date, considering the extended case management deadlines, and must by no later than **April 13, 2026**, file a joint report of target trial dates with three (3) proposed bench trial dates and anticipated number of trial days.

9. ANOTHER CASE MANAGEMENT CONFERENCE. In addition to the status conference with Judge Crenshaw on April 17, 2026 (Docket No. 138), a status/case management conference will be held telephonically on **April 29, 2026, at 11:00 a.m. (CDT)** using the Court's conference line at 1-855-244-8681, access code 2300 984 3452#. Prior to the next status/case management conference, counsel for the parties must prepare a joint case status report[2], which shall include, at a minimum, the following information, and which must be filed by no later than **two (2) business days** before the status/case management conference: (1) what fact and expert discovery has taken place (including supplemental discovery responses), both written discovery and depositions, since commencement of the case; (2) what fact or expert discovery is pending, including both outstanding written discovery and the specific depositions scheduled for the next 60 days; (3) what fact or expert discovery is not yet pending but is anticipated or needed; (4) any known or anticipated discovery disputes; (5) general description of the number and kind of experts each party anticipates using in this case; (6) status of the parties' efforts at case resolution, including, **specifically**, the parties' proposed dates for a second and a third mediation ; and, (7)

---

[2] The parties' counsel are equally responsible for initiating discussion and preparation of the joint status report.

any other matters that (i) require or may require the Court's attention or (ii) are or may be material to the preparation of this case. The parties are encouraged to provide more information rather than less about each described topic.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge