| | | |
|---|---|---|
| JOHN DOE 1 et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:  3:24-cv-00777 |
| | ) | District Judge Crenshaw |
| STATE OF TENNESSEE, et al., | ) | Magistrate Judge Holmes |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT CASE STATUS REPORT

Plaintiffs John Doe 1, John Doe 2, Jane Doe 1, and John Doe 3 (collectively, "Doe Plaintiffs"), individually and on behalf of a proposed class, and Disability Rights Tennessee ("DRT") via its associational standing and on behalf of a proposed class (collectively, "Plaintiffs"), and Defendants the State of Tennessee, the Tennessee Department of Children's Services ("DCS"), DCS Commissioner Margie Quin (collectively "DCS Defendants"), and Defendant Tennessee Department of Education Commissioner Lizzette Gonzalez Reynolds respectfully submit this Joint Case Status Report pursuant to the Eighth Modified Case Management Order (Doc. No. 158).

1. *Fact discovery that has taken place since the last status report*[1]

DCS Defendants served amended and supplemental responses to Plaintiffs' Fourth Set of Requests for Production to DCS Defendants on June 3, 2026.[2]

---

[1] As instructed by the Court during the April 29, 2026 Case Management Conference and the Eighth Modified Case Management Order (Dkt. 158), this section only includes fact discovery that has taken place since the last joint status report submitted by the Parties.
[2] Pursuant to the same agreement, DCS Defendants anticipate serving amended and supplemental responses to the Sixth Set of Requests for Production by July 10, 2026.

Discussions about DCS Defendants' responses to Plaintiffs' Sixth Set of Requests for Production have been resolved, pending ongoing document production by DCS Defendants. Plaintiffs served a Second Set of Interrogatories to DCS on June 8, 2026, and have agreed to extend the time for DCS Defendants to respond until August 7, 2026.

### 2. Fact and expert discovery that is pending

Plaintiffs are continuing rolling productions in response to DCS Defendants' requests for production, including custodial ESI identified via negotiated search terms. Plaintiffs are also reviewing documents responsive to Commissioner Reynolds's April 1, 2026 Requests for Production. Plaintiffs anticipate substantially completing productions of documents responsive to Defendants' requests by mid-July.

Plaintiffs have completed the 30(b)(6) deposition of DCS and are in the process of conducting the 30(b)(6) deposition of TDOE, with the final TDOE designee scheduled for deposition on July 28, 2026. Pursuant to this Court's oral ruling on May 5, 2026, Plaintiffs plan to take a total of eighteen depositions of DCS and TDOE and their current and former employees. Plaintiffs sent an initial list of six deponents to DCS Defendants for scheduling purposes on June 17, 2026, and DCS Defendants are working to confirm availability and their position on accepting service for former employee deponents.

DCS has substantially produced custodial ESI responsive to Plaintiffs' first set of December 20, 2024 discovery requests (not accounting for the ESI from the Court's November 14, 2025 Order). There remain some pending quality control review of privilege documents and redactions of that set, and DCS expects all remaining custodial ESI and targeted productions will be substantially complete between mid-to-late July 2026, including custodial ESI for the second through sixth set of Requests for Production. DCS does not have a timeframe for supplementation

2

and QC of the work of DCS's outside reviewers.

DCS Defendants have sent letters requesting responsive documents from a subset of facilities housing Youth ("These Facilities"). These Facilities have been sent the Confidentiality Agreement approved by this Court for execution. For those Providers who have executed the Confidentiality Agreements, letters requesting responsive documents have been sent, with deadlines for receipt of documents withing three (3) weeks of the letter's transmission. DCS Defendants are in the process of following up with Providers who have not provided the signed Confidentiality Agreement and will follow a similar timeline with them once they received executed Confidentiality Agreements. In addition, in response to prior, general requests for records, DCS Defendants began receiving productions from Providers in January 2026, and began producing those documents on a rolling basis on May 21, 2026. Plaintiffs are awaiting an update from DCS Defendants on next steps and timeline for obtaining documents from four providers that have failed to execute the Confidentiality Agreement or begin production of responsive documents to DCS.

Commissioner Reynolds served her first Requests for Production and Interrogatories to DRT, John Doe 1, John Doe 2, and Jane Doe 1 on April 1, 2026. To ensure sufficient time for counsel to work with each Plaintiff on their responses, Plaintiffs' counsel have requested an extension of time to respond that is under discussion with Commissioner Reynolds' Counsel.

Although Commissioner Reynolds's counsel already agreed to a custodian and search-term-based ESI data pull, following a transition of lead counsel representing Commissioner Reynolds, Commissioner Reynolds's new lead counsel was unaware of this agreement and other significant developments, such as the Court's protective order obviating the need for further individualized FERPA notice and review. Plaintiffs and Commissioner Reynolds's counsel

3

continue to work to reach agreement on discovery to be produced by TDOE. Plaintiffs have requested that Commissioner Reynolds substantially complete productions by mid-July, in line with DCS Defendants and Plaintiffs, and Commissioner Reynolds anticipates substantially completing productions of documents responsive to Plaintiffs' requests by mid-July.

The Parties have agreed to serve any additional interrogatories and Requests for Admission by 60 days prior to the close of fact discovery and to serve supplemental responses to any interrogatories or Requests for Admission by 30 days prior to the close of fact discovery, subject to the Parties' ongoing duties to supplement discovery under the Federal Rules of Civil Procedure.

The Parties have reached agreement on a negotiated Sampling Stipulation to govern the creation of a Youth Sample for purposes of production of individual-level documents by Defendants.

3. *Fact and expert discovery that is not yet pending, but is anticipated or needed*

The Parties are in the process of scheduling fact witness depositions.

No expert discovery has yet taken place. No Party intends to use an expert to support or oppose class certification.

4. *Any known or anticipated discovery disputes*

Commissioner Reynolds and Plaintiffs are continuing to meet and confer regarding scope of production of documents regarding LEAs other than the DCS-specific LEA.

There is currently no live discovery dispute to bring to this Court's attention. The Parties will advise if that changes in the future as all Parties finish production of documents.

5. *General description of the number and kind of experts each Party anticipates using*

Plaintiffs have not yet determined which experts are expected to testify. Plaintiffs are considering using at least three experts, including potential experts specializing in appropriate

services, supports, treatment, and placements for young people with disabilities; administration and oversight of juvenile justice systems; and conditions of confinement in juvenile justice systems, respectively.

DCS Defendants have not yet determined which experts are expected to testify but are considering using at least two experts in statistical sampling and the management and oversight of juvenile detention facilities.

At this time Defendant Reynolds does not expect to retain any experts to testify.

6. *Status of the Parties' efforts at case resolution and proposed dates for second and third mediation*

Plaintiffs and DCS Defendants conducted a second in-person mediation with Carlos González on June 23, 2026. At Mr. González's suggestion, the in-person mediation on June 23 involved only Plaintiffs and DCS Defendants, with a remote mediation call between Plaintiffs and Defendant Reynolds held separately on June 25, 2026. The Parties will request that Mr. González file a report of mediation by June 30, 2026. The Parties did not reach a resolution but plan to continue settlement discussions through mediation. The Parties remain committed to negotiating in good faith and exploring the options for resolving this matter.

7. *Any other matters that (i) require or may require the Court's attention or (ii) are or may be material to the preparation of this case*

The Parties do not have any other matters to bring to the Court's attention at this time.

Dated: June 26, 2026

Respectfully submitted,

| | |
|---|---|
| */s/ Jonathan P. Lakey* | */s/ Kasi Wautlet* |
| Jonathan P. Lakey, BPR #016788 | Kasi Wautlet (TN BPR #038688) |
| Reagan T. Fondren, BPR #024743 | Jonathan Tepe (TN BPR #037266) |
| Sarah E. Stuart, BPR #035329 | David McNamee (TN BPR #038124) |
| Cherylann M. Pasha, BPR #041945 | **Sanford Heisler Sharp McKnight, LLP** |
| **Burch Porter & Johnson, PLLC** | 611 Commerce Street, Suite 3100 |

130 North Court Avenue
Memphis, TN 38103
jlakey@bpjlaw.com
rfondren@bpjlaw.com
sstuart@bpjlaw.com
cpasha@bpjlaw.com

Jay C. Ballard, BPR #017242
Senior Deputy Attorney General
**Office of the Tennessee Attorney General**
P.O. Box 20207
Nashville, TN 37202
Jay.Ballard@ag.tn.gov

*Counsel for State of Tennessee, Tennessee Department of Children's Services, and Margie Quin*

*/s/ Dawn Jordan*
Dawn Jordan, BPR #020383
Donna L. Green, BPR #019513
Meghan Murphy, BPR #034061
Hannah Scruggs, BPR #042469
Elizabeth Kirkpatrick
**Office of the Tennessee Attorney General**
P.O. Box 20207
Nashville, TN 37202
dawn.jordan@ag.tn.gov
donna.green@ag.tn.gov
meghan.murphy@ag.tn.gov
hannah.scruggs@ag.tn.gov
elizabeth.kirkpatrick@ag.tn.gov

*Counsel for Lizzette Gonzalez Reynolds*

Nashville, TN 37203
Phone: (615) 434-7000
kwautlet@sanfordheisler.com
jtepe@sanfordheisler.com
dmcnamee@sanfordheisler.com

David Tracey*
**Sanford Heisler Sharp McKnight, LLP**
17 State Street, 37th Floor
New York, NY 10004
Phone: (646) 512-8609
dtracey@sanfordheisler.com

Shannon Henris*
**Sanford Heisler Sharp McKnight, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Phone: (202) 221-4003
shenris@sanfordheisler.com

Jack Derryberry, Jr. (TN BPR #003870)
**Disability Rights Tennessee**
2 International Plaza, Suite 825
Nashville, TN 37217
Phone: (615) 298-1080
jackd@disabilityrightstn.org

Bruce H. Little (TN BPR #037289)
9050 Executive Park Drive, Suite B-101
**Disability Rights Tennessee**
Knoxville, TN 37923
Phone: (865) 670-2944
brucel@disabilityrightstn.org

Jasmine Miller (TN BPR #039598)
Stuart Seaborn*
Diane Smith Howard*
Christopher Middleton*
**Youth Law Center**
832 Folsom Street, Suite 700
San Francisco, CA 94107
Phone: (415) 413-0174
jmiller@ylc.org
sseaborn@ylc.org
dsmith@ylc.org
cmiddleton@ylc.org

6

*Attorneys for Plaintiffs*

\*Admitted *Pro Hac Vice*

7

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 26th day of June, 2026, a true and exact copy of the foregoing

 has been forwarded via the District Court's electronic filing system to:

Jay C. Ballard, BPR #017242
Senior Deputy Attorney General
**Office of the Tennessee Attorney General**
P.O. Box 20207
Nashville, TN 37202
Jay.Ballard@ag.tn.gov

Jonathan P. Lakey, BPR #016788
Reagan T. Fondren, BPR #024743
Sarah E. Stuart, BPR #035329
Cherylann M. Pasha, BPR #041945
**Burch Porter & Johnson, PLLC**
130 North Court Avenue
Memphis, TN 38103
jlakey@bpjlaw.com
rfondren@bpjlaw.com
sstuart@bpjlaw.com
cpasha@bpjlaw.com

*Counsel for State of Tennessee, Tennessee Department of Children's Services, and Margie Quin*

Dawn Jordan, BPR #020383
Donna L. Green, BPR #019513
Meghan Murphy, BPR #034061
Hannah Scruggs, BPR #042469
Elizabeth Kirkpatrick
**Office of the Tennessee Attorney General**
P.O. Box 20207
Nashville, TN 37202
dawn.jordan@ag.tn.gov
donna.green@ag.tn.gov
meghan.murphy@ag.tn.gov
hannah.scruggs@ag.tn.gov
elizabeth.kirkpatrick@ag.tn.gov

*Counsel for Lizzette Gonzalez Reynolds*

*/s/ Kasi Wautlet*
Kasi Wautlet