# EXHIBIT 47

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE 1, ET AL., | ) | Docket No. 3:24-cv-00777 |
| Plaintiffs, | ) | |
| v. | ) | District Judge Crenshaw<br>Magistrate Judge Holmes |
| STATE OF TENNESSEE, ET AL. | ) | |
| Defendants. | ) | |

---

**DCS DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

---

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants the State of Tennessee, the Tennessee Department of Children's Services ("DCS"), and Commissioner Margie Quin ("Commissioner Quin") (collectively the "DCS Defendants"), hereby submit their responses and objections to Plaintiffs' First Set of Requests for Admission (the "Plaintiffs' First RFAs"). The DCS Defendants' responses are made subject and pursuant to the operative Protective Orders entered by the Court in this case (DE 50, 71) (the "Protective Orders").

## DEFINITIONS

For purposes of these Responses, the DCS Defendants use the following definitions, in addition to terms defined by Tennessee law, including, but not limited to, Tennessee Code Annotated § 37-5-103. To the extent these definitions conflict with those set forth in Plaintiffs' First Requests, the DCS Defendants are referring to and relying on the below-listed definitions throughout these responses, and are objecting to the definitions propounded by Plaintiffs on the basis that they are overly broad, unduly burdensome, not likely to lead to the discovery of relevant evidence, and not proportional to the claims asserted in this litigation.

develop or subsequently come to their attention, to assert additional objections should they discover further grounds for objection, and to supplement or amend these responses at any time in accordance with the Case Management Order in this action and the Federal Rules. However, the DCS Defendants assume no obligation to supplement or amend their responses beyond those imposed by applicable orders entered in this case or law.

## SPECIFIC OBJECTION

As set forth in response to specific requests set forth below, DCS Defendants object to those requests as follows:

**SPECIFIC OBJECTION NO. 1:** The DCS Defendants object to the definition of the "Relevant Time Period" propounded by Plaintiffs, which is overly broad, unduly burdensome, not likely to lead to the discovery of relevant evidence, and not proportional to the claims asserted in this litigation based on the relevant statute of limitations and the average length of stay for a Juvenile Justice Youth, as well as the percentage of JJ Youth whose stay is less than 12 and 15 months.

Discovery is ongoing. The DCS Defendants reserve the right to supplement or amend their responses throughout the discovery period in this action and assert any newly-discovered objections.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION 1.** Admit that during the entire Relevant Time Period, DCS has not tracked, in the aggregate, the disability status of JJ Population Members, including the total number of JJ Population Members with a disability at any point in time or over any period of time.

**RESPONSE:** DCS objects to the Relevant Time Period as defined in Plaintiffs' Requests for Admission as overly broad and not proportional to the needs of this litigation. As to the DCS Defendants' Relevant Time Period as defined herein, admitted.

**REQUEST FOR ADMISSION 2.** Admit that during the entire Relevant Time Period, DCS has no policy to track, in the aggregate, the disability status of JJ Population Members, including the total number of JJ Population Members with a disability at any point in time or over any period of time.

**RESPONSE:** DCS objects to the Relevant Time Period as defined in Plaintiffs' Requests for Admission as overly broad and not proportional to the needs of this litigation. As to the DCS Defendants' Relevant Time Period as defined herein, admitted.

**REQUEST FOR ADMISSION 3.** Admit that during the entire Relevant Time Period, DCS has not tracked, in the aggregate, the number of JJ Population Members with a disability housed or placed in a Facility or Contract Provider at any point in time or over any period of time.

**RESPONSE:** DCS objects to the Relevant Time Period as defined in Plaintiffs' Requests for Admission as overly broad and not proportional to the needs of this litigation. As to the DCS Defendants' Relevant Time Period as defined herein, admitted.

**REQUEST FOR ADMISSION 4.** Admit that during the entire Relevant Time Period, DCS has no policy to track, in the aggregate, the number of JJ Population Members with a disability housed or placed in a Facility or Contract Provider at any point in time or over any period of time.

**RESPONSE:** DCS objects to the Relevant Time Period as defined in Plaintiffs' Requests for Admission as overly broad and not proportional to the needs of this litigation. As to the DCS Defendants' Relevant Time Period as defined herein, admitted.

**REQUEST FOR ADMISSION 5.** Admit that during the entire Relevant Time Period, DCS has not tracked, in the aggregate, the delivery of accommodations to Youth.

**RESPONSE:** DCS objects to the Relevant Time Period as defined in Plaintiffs' Requests for Admission as overly broad and not proportional to the needs of this litigation. As to the DCS Defendants' Relevant Time Period as defined herein, DCS Defendants admit that there is no aggregate tracking of the delivery of accommodations to Youth but state that DCS's policy is that accommodations are to be recorded in individual TFACTS profiles.

**REQUEST FOR ADMISSION 6.** Admit that during the entire Relevant Time Period, DCS has no policy to track, in the aggregate, the delivery of accommodations to Youth.

**RESPONSE:** DCS objects to the Relevant Time Period as defined in Plaintiffs' Requests for Admission as overly broad and not proportional to the needs of this litigation. As to the DCS Defendants' Relevant Time Period as defined herein, DCS Defendants admit that there is no aggregate tracking of the delivery of accommodations to Youth but states that DCS's policy is that accommodations are to be recorded in individual TFACTS profiles.

**REQUEST FOR ADMISSION 7.** Admit that during the entire Relevant Time Period, DCS Provider/Foster Home Quality & Incident Report Program Director Michelle Hamblin has been copied on every email between any member of the DCS Provider Quality Team and any Facility or Contract Provider.

**RESPONSE:** DCS Defendants object to this Request as overly broad and states that it lacks knowledge and cannot reasonably obtain knowledge to respond to the request as written. DCS admits that during DCS Defendants Relevant Time Period as defined herein, it has been and is its practice and requirement that DCS Provider/Foster Home Quality & Incident Report Program Director Michelle Hamblin be copied on all correspondence between a member of the DCS

Respectfully submitted,

/s/ Jonathan P. Lakey

Jonathan P. Lakey, BPR #16788
Sarah E. Stuart, BPR #35329
Cherylann Pasha, BPR #41945
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
Tel: (901) 524-5000
Fax: (901) 524-5024
jlakey@bpjlaw.com
sstuart@bpjlaw.com
cpasha@bpjlaw.com

**Office of the Tennessee Attorney General**

Jay C. Ballard, BPR #17242
P.O. Box 20207
Nashville, TN 37202
Jay.Ballard@ag.tn.gov

*Attorneys for Defendants the State of Tennessee, the Tennessee Department of Children's Services, and Margie Quin*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of August, 2025, a true and exact copy of the foregoing has been served via electronic mail to:

**Sanford Heisler Sharp, LLP**

Jonathan Tepe
Kasi Wautlet
David McNamee
611 Commerce Street, Suite 3100
Nashville, TN 37203
jtepe@sanfordheisler.com
kwautlet@sanfordheisler.com
dmcnamee@sanfordheisler.com

David Tracey*
17 State Street, 37th Floor
New York, NY 10004
dtracey@sanfordheisler.com

Shannon Henris*
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
shenris@sanfordheisler.com

*Attorneys for Plaintiffs*
**Admitted Pro Hac Vice*

**Disability Rights Tennessee**

Jack Derryberry, Jr.
2 International Plaza, Suite 825
Nashville, TN 37217
jackd@disabilityrightstn.org

Jeremiah Jones
Bruce H. Little
9050 Executive Park Drive, Suite B-101
Knoxville, TN 37923
jeremiahj@disabilityrightstn.org
brucel@disabilityrightstn.org

**Youth Law Center**

Jasmine Miller
Emily Satifka*
Stuart Seaborn*
832 Folsom Street, Suite 700
San Francisco, CA 94107
jmiller@ylc.org
esatifka@ylc.org
sseaborn@ylc.org

*Attorneys for Plaintiffs*
**Admitted Pro Hac Vice*

**Tennessee Attorney General's Office**

Meghan Murphy
Mary McCullohs
David Lester Wickenheiser
P.O. Box 20207
Nashville, TN 37202-0207
(615) 253-3890
mary.mccullohs@ag.tn.gov
meghan.murphy@ag.tn.gov
david.wickenheiser@ag.tn.gov

*Attorneys for Lizzette Gonzalez Reynolds*

/s/ Jonathan P. Lakey