# EXHIBIT 58

# Deposition Transcript

Case Number: 3:24-cv-00777
Date: May 28, 2026

In the matter of:

# JOHN DOE 2, et al. v STATE OF TENNESSEE, et al.

# DEBORAH THOMPSON - 30(b)(6)

CERTIFIED COPY

Reported by:
Heather Evans Willard

Steno
Agency, Inc.

315 West 9th Street
Suite 807
Los Angeles, CA 90015
concierge@steno.com
(888) 707-8366
NV: Firm #108F

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JOHN DOE 2, et al., )
)
Plaintiff, )
vs. ) Case No.
) 3:24-cv-00777
STATE OF TENNESSEE, et al., )
)
Defendants. )

---

Rule 30(b)(6) Deposition of:

TENNESSEE DEPARTMENT OF EDUCATION

DESIGNEE: DEBORAH THOMPSON

(Via Zoom Conferencing)

Taken on Behalf of the Plaintiffs

May 28, 2026

---

Reporter: Heather Evans Willard, RMR, LCR
Tennessee License No. 135
STENO.COM


Case 3:24-cv-00777 Document 169-57 Filed 06/30/26 Page 3 of 17 PageID #: 2166

A P P E A R A N C E S:

For the Defendants: Mr. Jonathan P. Lakey, Esq.
Ms. Katherine Adams, Esq.
Burch Porter & Johnson, PLLC
130 N. Court Avenue
Memphis, TN 38103
sstuart@bpjlaw.com
jlakey@bpjlaw.com

On Behalf of the Department of Education:

Ms. Donna Green, Esq.
Tennessee Attorney General's Office
500 Charlotte Avenue
P.O. Box 20207
Nashville, TN 37202
donna.green@ag.tn.gov

On Behalf of the Youth Law Center:

Mr. Stuart Seaborn, Esq.
Ms. Jasmine Miller, Esq.
Ms. Diane Smith Howard, Esq.
Youth Law Center
832 Folsom Street
Suite 700
San Francisco, CA 94107
sseaborn@ylc.org

Disability Rights Tennessee:

Mr. Jack Derryberry, Jr., Esq.
Attorney at Law
2 Internatinal Plaza
Suite 825
Nashville, TN 37217
jackd@disabilityrightstn.org

Disability Rights Tennessee:

Mr. Bruce H. Little, Esq.
Attorney at Law
9050 Executive Park Drive
Suite B-101
Knoxville, TN 37923
brucel@disabilityrightstn.org

Also Present:

Scott Indermuehle
Kathryn Ahillen
Anna Theroff, DRT
Tate Ball
Taylor Jenkins
Jennifer Jordan

I N D E X

Examination by Mr. Seaborn.................... 6

E X H I B I T S

No. 1...Rule 30(b)(6) Notice of Deposition... 8
No. 2...March 27, 2025 letter................ 65
No. 3...Monitoring results................... 66
No. 4...September 2022 emails................122
No. 5...February 9, 2023 email...............127
No. 6...September 15, 2025 emails............131
No. 7...July 15, 2025 emails.................135
No. 8...January 23, 2025 emails..............142
No. 9...July 30, 2024 emails.................145
No. 10..September 2023 check-in document.....154
No. 11..June 29, 2023 emails.................160
No. 12..Compliance Review Committee notes....165
No. 13..November 15, 2024 emails.............170
No. 14..December 6, 2024 email...............174
No. 15..August 15, 2023 emails...............176
No. 16..Monitoring instrument for DCS FY25...182

S T I P U L A T I O N

The Rule 30(b)(6) deposition of DEBORAH THOMPSON was taken by counsel for the Plaintiffs, by agreement, via Zoom Conferencing, at 10:02 a.m., on May 28, 2026, for all purposes under the Federal Rules of Civil Procedure.

All formalities as to notice, caption, certificate, et cetera, are waived. All objections, except as to the form of the questions, are reserved to the hearing.

It is agreed that Heather Evans Willard, being a Licensed Court Reporter for the State of Tennessee, may swear the witness, and that the reading and signing of the completed deposition by the witness was requested.

* * * *

DEBORAH THOMPSON

was called as a witness, and after having been first duly sworn, testified as follows:

EXAMINATION BY MR. SEABORN:

Q. Okay. Thank you for being here, Ms. Thompson. We met earlier, but I'm Stuart Seaborn. I'm one of the attorneys for the Plaintiffs in the case.

Have you ever had your deposition taken before?

A. No, sir.

Q. Well, I'm going to try and make this as painless as possible. Hopefully it will go smooth. I can't promise how long, but I'll try and make it go as quick as possible as well.

So today I'm going to ask questions, you'll provide answers to my questions, and the court reporter is going to take down both my questions and your answers. Do you understand that?

A. Yes, sir.

Q. So for that reason, it's important to respond orally as opposed to nodding your head or making a hand gesture. Do you understand that?

A. Yes, sir.
Q. Do you understand that the oath you took has the same penalties for its violation as an oath you take in a court of law?
A. Yes, sir.
Q. So I can almost guarantee several times today I'll ask a question that you either don't understand or seems unclear. Probably the fault of my question. If that happens, just let me know, and I'll ask a different question. Do you understand?
A. Yes, sir.
Q. If you do respond to one of my questions, I will assume that you understood the question. Does that make sense?
A. Yes, sir.
Q. So as I mentioned, I'll try and make this as painless as possible, but if at any point you need a break, just let me know. The only thing I ask is if you're in the middle of responding to one of my questions, that you finish the response, and then we can take a break.
A. Yes, sir.
Q. Are you currently taking any drugs or medication of any kind that would interfere with

your ability to testify accurately today?
A. No, sir.
Q. Is there any other reason why you cannot provide accurate testimony today?
A. Not that I'm aware, sir.
Q. Okay. So I see Ms. Green in the room with you or on the screen with you. Is there anybody else in the room with you today?
A. No, sir.
Q. Okay. Because we're doing this virtually, I'm going to ask that during the time of this deposition when you're on the record providing testimony that you do not communicate with anybody else besides ourselves and the court reporter, whether that's by text, chat, or any other form. Is that okay?
A. Yes, sir.
Q. What is your current job title?
A. I am the assistant commissioner of federal programs and oversight at the Tennessee Department of Education.
Q. How long have you had that job?
A. Eight years.
Q. Okay. We're going to go to your job duties in a second, but first I'm going to show

and checks and makes sure it is correct, and then we document that in ePlan.

Q. Where is the evidence documented?

A. It is uploaded in the corrective action section of the monitoring instrument.

Q. And with the JDCs, the TDOE team has the power to place grant conditions if there's noncompliance?

A. Those grant conditions would be directed toward the LEA which is the subroots at the end of the fund.

Q. So with an LEA that serves JDCs --

A. Yes, sir.

Q. -- the TDOE team would have the power to place grant conditions?

A. If necessary, yes, sir.

Q. But they haven't done that?

A. Not that I --

MS. GREEN: Object to the form.

THE WITNESS: Not that I can recall.

Q. (BY MR. SEABORN) Are you aware of any compliance issues involving the JDCs?

A. I don't recall any directly.

Q. Has the department ever considered withdrawing funds from the JDCs?

A. Not that I recall.

Q. Who makes the decision not to issue grant conditions?

A. The compliance review committee makes a recommendation. That recommendation is supported by Assistant Commissioner Jennifer Jordan or myself. If we both are in agreement, we send it to cabinet. Cabinet then will make a determination, and the final decision is the commissioner of education and deputy commissioners.

Q. What is the cabinet?

A. It is members of chief-level executives. So the chief of academics, Kristy Brown. The chief of programs, Mr. Jonathan Criswell. The Office of General Counsel, Christy Ballard. Deputy Commissioner Sam Pearcy. And Commissioner Lizzette Reynolds.

Q. Who has the final say on issuing grant conditions?

A. The deputy commissioner and commissioner.

Q. Are you familiar with the DCS assessment centers?

A. I am not.

Q. You don't know if the Department of Education does any education-related monitoring of the assessment centers?
A. I'm not aware, sir. I'm sorry.
Q. Are you familiar with the Department of Children's Services respite facilities?
A. I understand the concept, but I do not understand the details or cannot speak to them.
Q. You don't know if the Department of Education does any monitoring-related education involving respite facilities?
A. No, sir. My team is responsible for the evaluation and monitoring of funding. That would be a question for the nonpublic team.
Q. You've discussed the compliance review committee?
A. Yes, sir.
Q. How often does it meet?
A. Biweekly.
Q. And what enforcement power does the compliance review committee have?
A. We make recommendations to cabinet. We also can deploy technical assistance. We make recommendations on next steps and who might be

best to support providing that technical assistance.
Q. Can the compliance review committee make a recommendation on grant conditions?
A. Yes, sir.
Q. Have you ever done that?
A. Yes, sir.
Q. When?
A. I mentioned two LEAs earlier that had grant conditions, and those were from the compliance review committee.
Q. Any other recommendations the compliance review committee has made on grant conditions?
A. Yes, sir.
Q. What are those?
A. In 2024, we recommended grant conditions against DCS.
Q. Why is that?
A. There was not a lot of movement on some of their monitoring. We felt like there was some systemic concerns, and we had requested grant conditions be considered.
Q. And what happened to that request?
A. It was not approved by cabinet.

Q. Who made that decision?

A. The deputy commissioner was the one who informed me, but it was a cabinet decision, as well as the chief of programs.

Q. Did they give you a reason?

A. DCS receives about 1.2 to $1.6 million in federal funds, and they wanted to ensure those funds continued to support the students that they felt like were adequately in need of services provided by though funds. So the grant condition was to put a hold on their federal funds until we saw some adequate progress or some changes made at the DCS level.

Q. Was there any other enforcement action taken based on those concerns raised by the committee?

A. Our team started providing additional technical assistance, monthly meetings with DCS, providing additional technical assistance.

Q. But no other enforcement?

A. No, sir.

MR. SEABORN: Okay. We can take a break.

(Whereupon, a lunch recess was taken from 11:56 a.m. to 12:47 p.m.)

STATE OF TENNESSEE )
) S.S.
COUNTY OF DAVIDSON )

I, Heather Evans Willard, Licensed Court Reporter for the State of Tennessee,

DO HEREBY CERTIFY that the foregoing deposition was taken at the time and place set forth in the caption thereof; that the witness was duly sworn or affirmed to tell the truth; that the said deposition was stenographically reported by me in shorthand; and that the foregoing pages constitute a true and correct transcription of said proceedings to the best of my ability.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties hereto, nor a relative or employee of such attorney or counsel, nor do I have any interest in the outcome or events of this action.

IN WITNESS WHEREOF, I have hereunto affixed my official signature this 8th day of June, 2026.



Heather Evans Willard
Tennessee License No. 135
Expires June 30, 2026

E R R A T A   S H E E T

| PAGE | LINE | CHANGE AND REASON FOR CHANGE |
| --- | --- | --- |
| ------ | ------ | ---------------------------------------- |
| ------ | ------ | ---------------------------------------- |
| ------ | ------ | ---------------------------------------- |
| ------ | ------ | ---------------------------------------- |
| ------ | ------ | ---------------------------------------- |
| ------ | ------ | ---------------------------------------- |
| ------ | ------ | ---------------------------------------- |
| ------ | ------ | ---------------------------------------- |
| ------ | ------ | ---------------------------------------- |
| ------ | ------ | ---------------------------------------- |
| ------ | ------ | ---------------------------------------- |
| ------ | ------ | ---------------------------------------- |
| ------ | ------ | ---------------------------------------- |

I, DEBORAH THOMPSON, having read my foregoing deposition, taken May 28, 2026, do hereby certify that, to the best of my knowledge, said deposition is true and accurate with the exception of the above items, if any.

__________
DEBORAH THOMPSON

Sworn to before me this____day of___________,

20__.

__________________________

_____________________
Notary Public                    Date
My commission expires: